# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RANDY ROYAL JOHNSON,<br>    *Petitioner*,<br>vs.<br>GREG SMITH, *et al.*,<br>    *Respondents*. | 3:09-cv-00561-LRH-RAM<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases and on petitioner's motions (## 8 & 9) for appointment of counsel. On initial review, a substantial question exists as to whether the petition is subject to dismissal because all of the claims are not exhausted. Petitioner therefore will be directed to show cause in writing why the petition is not subject to potential dismissal as a mixed petition for lack of exhaustion, absent dismissal of any unexhausted claims or other appropriate action.

### *Background*

The papers presented reflect the following.

Petitioner Randy Royal Johnson was convicted, pursuant to a jury verdict, of robbery with the use of a deadly weapon, and, pursuant to a guilty verdict, of possession of a firearm by an ex-felon. His direct appeals from the two judgments of conviction were consolidated, and both judgments were affirmed. He filed a *pro se* state post-conviction petition, and counsel was appointed. Counsel filed a supplemental petition, and an evidentiary hearing was held. The state district court denied relief, and

state post-conviction counsel pursued an appeal to the state supreme court, which affirmed.

Petitioner thereafter filed a *pro se* original petition for extraordinary relief in the state supreme court. That court denied the petition expressly "without deciding upon the merits of any claims," noting, *inter alia*, that a challenge to a conviction must be raised in a post-conviction petition filed in the state district court.

### *Governing Law*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims and/or seeks other appropriate relief.

### *Discussion*

The federal petition contains nine grounds. The only claims in the petition that are exhausted are claims in Ground 1 alleging: (a) that trial counsel were ineffective for failing to object to an order requiring Johnson to wear a stun belt; (b) that appellate counsel was ineffective for failing to raise the issue on direct appeal; and (c) that the order deprived Johnson of Fifth, Sixth and Fourteenth Amendment rights to due process, a fair trial, to appear before jurors as an innocent person, to be

present at trial and participate in his defense, and to confer with his counsel.

The foregoing claims in Ground 1 were presented to and/or considered by, either on the merits or on the basis of a procedural bar, the Supreme Court of Nevada on the state post-conviction appeal.

Petitioner concedes in the petition and associated papers that the substantive claims and claims of ineffective assistance of counsel in Grounds 2 through 9 were not presented to the state supreme court on direct appeal.[1]

Petitioner further concedes that Grounds 3, 5, 6, 8 and 9 were not presented in the state post-conviction petition.[2]

Petitioner maintains that Grounds 2, 2A, 4 and 7 were presented in his state post-conviction petition. However, any such claims clearly were not pursued through to or considered by the Supreme Court of Nevada on the state post-conviction appeal. Only the claims outlined above under Ground 1 were presented to and/or considered by the Supreme Court of Nevada on the state post-conviction appeal.[3] To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the Supreme Court of Nevada. *E.g., Peterson, supra*; *Vang, supra.* Grounds 2, 2A, 4 and 7, to the extent *arguendo* presented in the district court, therefore were not exhausted on state post-conviction review because they were not presented on the state post-conviction appeal.

Grounds 2, 2A, 3, 4, 5, 6, 7, 8 and 9 thus were not exhausted either on direct appeal or in the state post-conviction proceedings.

Petitioner contends, however, that Grounds 2, 2A, 3, 4, 6, 7, 8 and 9 (Ground 5 is discussed separately, *infra*) were exhausted by the original petition for extraordinary relief that he filed in the Supreme Court of Nevada. Under well-established law, however, the original petition did not fairly

---

[1] See Petition (#7), at 12, 17, 20, 25, 30, 32, 35 & 37; Notice (#11), at electronic docketing page 2. *Inter alia*, l Ground 2A alleges violations based upon an alleged conflict between the federal Speedy Trial Act and the Nevada state speedy trial statute. Ground 8 refers to a deprivation of a "speedy, public trial," but alleges jury instruction error. Such claims were not presented or considered on direct appeal.

[2] See Petition (#7), at 20, 30, 35 & 37; Notice (#11), at electronic docketing page 2.

[3] See Fast Track Statement (filed with #11); February 4, 2009, Order of Affirmance (filed with #5, at electronic docketing pages 87-90).

present and exhaust any claims.

The state supreme court denied the original petition on the following grounds:

> This is a proper person petition for extraordinary relief. We have reviewed the documents submitted in this matter, and without deciding upon the merits of any claims, we decline to exercise original jurisdiction in this matter. NRS 34.170, NRS 34.330; NRS 34.724(2)(b); NRS 34.738(1). To the extent petitioner challenges the validity of his judgment of conviction and sentence, such a challenge must be raised in a post-conviction petition for a writ of habeas corpus in the district court in the first instance.[FN1] NRS 34.724(2)(b); NRS 34.738(1). To the extent petitioner challenges the district court's resolution of his post-conviction petition for a writ of habeas corpus , petitioner received the opportunity to raise those claims in his appeal from the denial of that petition, and failed to do so. Accordingly, we
>
> ORDER the petition DENIED.
>
> [FN1] We express no opinion as to whether petitioner could meet the procedural requirements of NRS chapter 34.

August 24, 2009, Order (filed with #5, at electronic docketing pages 113-14).

The Supreme Court of Nevada thus clearly and expressly declined to exercise its original jurisdiction, stated that it did not consider the merits of petitioner's claims, and stated that the procedure for petitioner to follow was to file a post-conviction petition in the state district court.

It is long-established law that a claim is not fairly presented and is not exhausted when a petitioner fails to present the claim in state district court under available state post-conviction procedures and instead presents the claim in an original petition to the state's high court seeking to invoke an extraordinary discretionary jurisdiction. *See,e.g., Pitchess v. Davis*, 421 U.S. 482, 488, 95 S.Ct. 1748, 1752, 44 L.Ed.2d 317 (1975); *Ex part Hawk*, 321 U.S. 114, 116, 64 S.Ct. 448, 449-50, 88 L.Ed. 572 (1944); *Sweet v. Cupp*, 640 F.2d 233, 238 (9th Cir. 1981). *Accord Lindquist v. Gardner*, 770 F.2d 876 (9th Cir. 1985). *See also Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989)(presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994)(applying rule to filing of original petition in state high court).

The Supreme Court of Nevada has a longstanding policy of declining to exercise its original

jurisdiction due to the availability of post-conviction remedies in the state district courts. The Supreme Court of Nevada reaffirmed this longstanding policy of declining to exercise its original jurisdiction in *Hosier v. State*, 121 Nev. 409, 411-12, 117 P.3d 212, 213-14 (2005). In the present case, the state high court, consistent with *Hosier*, expressly declined to exercise its original jurisdiction, stated that it did not consider the merits, and directed petitioner to post-conviction remedies in the state district court. It thus is clear that the original petition in this case did not exhaust any claims.

Grounds 2, 2A, 3, 4, 6, 7, 8 and 9 therefore are not exhausted.

Petitioner concedes that he did not assert Ground 5 in the original petition for extraordinary relief. He maintains, however, that he asserted the claim in a motion to dismiss filed in the state district court in the original criminal proceeding.[4] However, again, a claim must be fairly presented through to the state's highest court. Ground 5 therefore also is unexhausted.

Petitioner additionally presents parallel legal claims in Ground 1 for violations of the First and Fourth Amendments and for denial of equal protection of the law. These legal theories were neither presented to nor considered by the Supreme Court of Nevada on the state post-conviction appeal. These parallel legal theories are not exhausted.

Petitioner therefore must show cause why the petition is not subject to dismissal as a mixed petition due to the presence of the unexhausted federal legal claims.[5]

If petitioner contends that he exhausted the claims in papers that are not currently on file in this

---

[4] See #11, at electronic docketing pages 2 & 55-66.

[5] Ground 6 further would not appear to be cognizable in federal habeas corpus because the claim challenges the manner in which the state post-conviction proceedings were conducted. *See, e.g., Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989).

It further does not appear that the Court has jurisdiction over any challenge to the judgment of conviction entered on the guilty plea for possession of a firearm by an ex-felon. The January 24, 2006, judgment of conviction for that offense imposed a minimum term of 12 months and a maximum term of 30 months, with 237 days credit for time served. See #5, at electronic docketing page 11. Even with, *arguendo*, no further sentence credits, the sentence would have fully expired prior to the mailing of the federal petition on or about September 17, 2009. The sentence was imposed concurrently with rather than consecutively to the sentence on the conviction for robbery with the use of a deadly weapon. The Court thus would not appear to have jurisdiction over any challenge to the weapon possession conviction. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989); *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999).

case, he must attach copies of the papers with his show cause response.

*Remaining Matters*

On the counsel motions, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See,e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965). Having reviewed the requests for counsel, the pleadings, and the remaining papers on file, the Court finds that the interests of justice do not require that counsel be appointed. Petitioner has demonstrated the ability to adequately articulate his claims and arguments.

IT THEREFORE IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall show cause in writing why the petition is not subject to dismissal as a mixed petition because the following claims are not exhausted: (a) the claims in Ground 1 alleging violations of the First and Fourth Amendments and denial of equal protection of the law; and (b) Grounds 2, 2A, 3, 4, 5, 6, 7, 8 and 9 in their entirety.

IT FURTHER IS ORDERED that petitioner's motions (## 8 & 9) for appointment of counsel are DENIED.

If petitioner does not timely respond to this order, the entire petition will be dismissed without further advance notice. If petitioner responds to this order but fails to demonstrate that the exhaustion requirement has been satisfied as to all of the claims identified above, the petition will be subject to dismissal for lack of exhaustion, unless petitioner either dismisses the unexhausted claims and/or seeks other appropriate relief.

DATED this 3rd day of May, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE