1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

9   RANDY ROYAL JOHNSON,

10        *Petitioner*,                          3:09-cv-00561-LRH-RAM

11   vs.                                          ORDER

12

13   GREG SMITH, *et al.*,

14        *Respondents.*

15

16        This habeas matter under 28 U.S.C. § 2254 comes before the Court on its *sua sponte* inquiry

17   into whether the petition is subject to dismissal as a mixed petition because all of the claims have not

18   been exhausted, following upon petitioner's response (#13) to the Court's show cause order (#12).

19                                  *Procedural Background*

20        Petitioner Randy Royal Johnson was convicted, pursuant to a jury verdict, of robbery with the

21   use of a deadly weapon, and, pursuant to a guilty verdict, of possession of a firearm by an ex-felon.

22   His direct appeals from the two judgments of conviction were consolidated, and both judgments were

23   affirmed.  He filed a *pro se* state post-conviction petition, and counsel was appointed.  Counsel filed

24   a supplemental petition, and an evidentiary hearing was held.  The state district court denied relief, and

25   state post-conviction counsel pursued an appeal to the state supreme court, which affirmed.

26        Petitioner thereafter filed a *pro se* original petition for extraordinary relief in the state supreme

27   court.  That court denied the petition expressly "without deciding upon the merits of any claims,"

28   noting, *inter alia*, that a challenge to a conviction must be raised in a post-conviction petition filed in

1  the state district court.

2  ### *Governing Exhaustion Law*

3  Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies

4  on a claim before presenting that claim to the federal courts.  To satisfy this exhaustion requirement,

5  the claim must have been fairly presented to the state courts completely through to the highest court

6  available, in this case the Supreme Court of Nevada.  *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156

7  (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).  In the state courts, the

8  petitioner must refer to the specific federal constitutional guarantee and must also state the facts that

9  entitle the petitioner to relief on the federal constitutional claim.  *E.g., Shumway v. Payne*, 223 F.3d

10  983, 987 (9th Cir. 2000).  That is, fair presentation requires that the petitioner present the state courts

11  with both the operative facts and the federal legal theory upon which his claim is based.  *E.g., Castillo*

12  *v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).  The exhaustion requirement insures that the state

13  courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct

14  alleged violations of federal constitutional guarantees.  *See,e.g., Coleman v. Thompson*, 501 U.S. 722,

15  731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

16  Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed petition

17  presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the

18  petitioner dismisses the unexhausted claims or seeks other appropriate relief.

19  ### *Discussion*

20  Petitioner presents ten numbered grounds (including a ground designated as Ground 2A) in the

21  federal petition.

22  The only claims in the petition that are exhausted are claims in federal Ground 1 alleging: (a)

23  that trial counsel were ineffective for failing to object to an order requiring Johnson to wear a stun belt;

24  (b) that appellate counsel was ineffective for failing to raise the issue on direct appeal; and (c) that the

25  order deprived Johnson of Fifth, Sixth and Fourteenth Amendment rights to due process, a fair trial,

26  to appear before jurors as an innocent person, to be present at trial and participate in his defense, and

27  to confer with his counsel.

28  The foregoing claims in Ground 1 were presented to and/or considered by, either on the merits

-2-

1    or on the basis of a procedural bar, the Supreme Court of Nevada on the state post-conviction appeal.

2         Petitioner additionally presented legal claims in federal Ground 1 for violations of the First and

3    Fourth Amendments and for denial of equal protection of the law.  These legal theories were neither

4    presented to nor considered by the Supreme Court of Nevada on the state post-conviction appeal.[1]  Fair

5    presentation requires that the petitioner present the state courts with both the operative facts and the

6    federal legal theory upon which his claim is based.  *E.g., Castillo, supra.*  These claims in federal

7    Ground 1 therefore were not exhausted during the state post-conviction proceedings, and, as discussed

8    below, were not exhausted in any other proceedings filed, assuming, *arguendo,* that the claims were

9    included therein.

10        The remaining grounds – federal Grounds 2 through 9, including Ground 2A – were not fairly

11   presented and exhausted by any of the remaining proceedings in the state courts.

12        Petitioner relies upon the claims asserted in post-conviction counsel's supplemental petition in

13   the state district court.  Any such claims were not pursued on the state post-conviction appeal, however.

14   The only claims pursued on the state post-conviction appeal were the exhausted claims in federal

15   Ground 1 identified above.[2]  The presentation of claims only to the district court but not then to the

16   Supreme Court of Nevada on the state post-conviction appeal in that proceeding does not exhaust any

17   claim.  Rather, to satisfy the exhaustion requirement, the claim must have been fairly presented in the

18   state post-conviction proceeding all the way through to the Supreme Court of Nevada. *E.g., Peterson*,

19   *supra*; *Vang, supra*.

20        Petitioner further contends that a number of the claims were exhausted by an original petition

21   for extraordinary relief that he filed in the Supreme Court of Nevada.  Under well-established law,

22   however, the original petition did not exhaust any claims, as the state supreme court declined to

23

24        [1]See #11, at electronic docketing pages 8-20 (post-conviction appeal fast-track statement); #5, at electronic docketing pages 87-90 (order of affirmance).

25

26        [2]See record material cited in note 1, *supra*.  Petitioner earlier conceded that Grounds 3, 5, 6, 8 and 9 were *not* presented in the state post-conviction petition.   See Petition (#7), at 20, 30, 35 & 37; Notice (#11), at electronic docketing page 2.  In the show cause response, he sought instead to establish that the claims were presented in state

27   post-conviction counsel's supplemental petition. See #13, at 3-5.  In all events, even if, *arguendo*, all claims in federal Grounds 2 through 9 were included in the state court supplemental petition, the claims would not have been exhausted unless they also were fairly presented to the Supreme Court of Nevada on the post-conviction appeal.

28

1    exercise the extraordinary jurisdiction expressly without adjudicating the merits of any claim.

2        The state supreme court denied the original petition on the following grounds:

3            This is a proper person petition for extraordinary relief. We have
         reviewed the documents submitted in this matter, and without deciding
4        upon the merits of any claims, we decline to exercise original
         jurisdiction in this matter.   NRS 34.170, NRS 34.330; NRS
5        34.724(2)(b); NRS 34.738(1). To the extent petitioner challenges the
         validity of his judgment of conviction and sentence, such a challenge
6        must be raised in a post-conviction petition for a writ of habeas corpus
         in the district court in the first instance.[FN1] NRS 34.724(2)(b); NRS
7        34.738(1).   To the extent petitioner challenges the district court's
         resolution of his post-conviction petition for a writ of habeas corpus ,
8        petitioner received the opportunity to raise those claims in his appeal
         from the denial of that petition, and failed to do so.  Accordingly, we
9
             ORDER the petition DENIED.
10
             [FN1] We express no opinion as to whether petitioner
11           could meet the procedural requirements of NRS chapter
             34.
12   August 24, 2009, Order in No. 54049 (filed with #5, at electronic docketing pages 113-14).

13        The Supreme Court of Nevada thus clearly and expressly declined to exercise its original

14   jurisdiction, stated that it did not consider the merits of petitioner's claims, and stated that the procedure

15   for petitioner to follow was to file a post-conviction petition in the state district court.

16        It is long-established law that a claim is not fairly presented and is not exhausted when a

17   petitioner fails to present the claim in state district court under available state post-conviction

18   procedures and instead presents the claim in an original petition to the state's high court seeking to

19   invoke an extraordinary discretionary jurisdiction. *See,e.g., Pitchess v. Davis*, 421 U.S. 482, 488, 95

20   S.Ct. 1748, 1752, 44 L.Ed.2d 317 (1975); *Ex part Hawk*, 321 U.S. 114, 116, 64 S.Ct. 448, 449-50, 88

21   L.Ed. 572 (1944); *Sweet v. Cupp*, 640 F.2d 233, 238 (9th Cir. 1981). *Accord Lindquist v. Gardner*, 770

22   F.2d 876 (9th Cir. 1985). *See also Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103

23   L.Ed.2d 380 (1989)(presenting a claim in a procedural context in which the merits of the claim will not

24   be considered, or will be considered only in special circumstances, does not constitute fair presentation

25   of the claim); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994)(applying rule to filing of original

26   petition in state high court).

27        The Supreme Court of Nevada has a longstanding policy of declining to exercise its original

28   jurisdiction due to the availability of post-conviction remedies in the state district courts. The Supreme

-4-

1    Court of Nevada reaffirmed this longstanding policy of declining to exercise its original jurisdiction

2    in *Hosier v. State*, 121 Nev. 409, 411-12, 117 P.3d 212, 213-14 (2005).  In the present case, the state

3    high court, consistent with *Hosier*, expressly declined to exercise its original jurisdiction, stated that

4    it did not consider the merits, and directed petitioner to post-conviction remedies in the state district

5    court.  It thus is clear that the original petition in this case did not exhaust any claims.[3]

6           Finally, to the extent, if any, that petitioner continues to rely upon a motion to dismiss filed in

7    the original criminal proceedings, that reliance is misplaced.  Presenting an issue to the state district

8    court without pursuing the issue through to the Supreme Court of Nevada in a proper proceeding does

9    not exhaust any claim.

10          IT THEREFORE IS ORDERED, considering the foregoing, that the Court holds that the

11   following claims are not exhausted:  (a) the claims in Ground 1 alleging violations of the First and

12   Fourth Amendments and denial of equal protection of the law; and (b) Grounds 2, 2A, 3, 4, 5, 6, 7, 8

13   and 9 in their entirety.

14          IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from entry of this order

15   within which to mail to the Clerk of Court for filing a motion either for dismissal without prejudice of

16   the entire petition, for partial dismissal only of the above-listed unexhausted claims, and/or for other

17   appropriate relief.

18          The entire petition will be dismissed without further advance notice for lack of complete

19   exhaustion if an appropriate motion is not timely mailed to the Clerk for filing.[4]

20          DATED this 28th day of October, 2010.

21

22

23                                                    _____
                                                      LARRY R. HICKS
                                                      UNITED STATES DISTRICT JUDGE

24

25   ───────────────────

26   [3]Petitioner appears to rely upon the original petition as exhausting a different subset of claims than he
     identified prior to the show cause order.  Compare #12, at 3, with #13, at 3-5.  The difference is immaterial, however,
     because the petition did not exhaust any claims.

27

28   [4]As previously noted, it does not appear that the Court has jurisdiction over any challenge to the judgment of
     conviction entered on the guilty plea for possession of a firearm by an ex-felon.  See #12, at 5 n.5.